UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | NO. 3:05-0370 |
| ) | Judge Campbell |
| PENSKE TRUCK LEASING CO., LP, ROLLINS LEASING, LLC, AMERICAN FEED & FARM SUPPLY, INC. and KINGMAN DEDICATED SERVICE, INC., ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. ) | |

## ORDER

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Carolina Casualty Insurance Company ("CCIC") (Docket No. 36), Defendants Penske Truck Leasing Co., L.P. ("Penske") and Rollins Leasing, LLC ("Rollins")(Docket No. 46), American Feed & Farm Supply ("American Feed") (Docket No. 58), and Kingman Dedicated Service, Inc. ("Kingman")(Docket No. 86). Defendant-Intervenor Mathew E. Sonday opposes CCIC's motion and adopts by reference Defendants Penske and Rollins' motion for summary judgment. (Docket Nos. 52). Defendant Kingman has filed a second motion for summary judgment (Docket No. 97), which CCIC opposes and Penske, Rollins, and American Feed support. (Docket Nos. 99, 101, 103).

Also pending are motions requesting oral argument on the cross-motions for summary judgment by CCIC, American Feed, and Kingman (Docket Nos. 63, 67, and 89). The Court determines that oral argument is not necessary to the resolution of the issues presented herein, and

1

therefore the parties' requests for oral arguments are hereby DENIED.

For the reasons explained more fully in the Court's Memorandum entered contemporaneously herewith, the parties' cross-motions for summary judgment are hereby GRANTED IN PART and DENIED IN PART so as to yield this declaratory judgment, declaring the rights of the insured Defendants and the responsibilities of the insurer CCIC, as follows:

CCIC's motion (Docket No. 36) is GRANTED and Defendants' motions (Docket Nos. 46, 52, 58, 86, 97) are DENIED insofar as none of the Defendants is afforded coverage under the Comprehensive General Liability Coverage Form ("CGL") of the Commercial Transportation Policy No. 339713 ("the Policy"). Specifically, Penske, Rollins, and American Feed are not afforded coverage under the CGL Form. Although the completed operations and contractual liability exclusions of the CGL Form do not apply under these facts to Kingman, the auto exclusion applies and bars coverage for Kingman under the CGL Form.

Therefore, Plaintiff CCIC is not liable under the terms and conditions of the CGL Form of its contract of insurance with Defendants Penske, Rollins, Kingman, and American Feed to indemnify any of those Defendants for any liability, whether by settlement or judgment, which they may incur as a result of any claims made by intervening Defendant Mathew E. Sonday against some or all of them in Sonday's action captioned <u>Sonday v. American Feed & Farm Supply, et. al</u>, Circuit Court for Wilson County, Tennessee, Case No. 13321.

However, Penske, Rollins, Kingman, American Feed, and Sonday's motions (Docket Nos. 46, 52, 58, 86, 97) are GRANTED and CCIC's motion (Docket No. 36) is DENIED insofar as under the Truckers Coverage Form of the Policy, neither the completed operations exclusion nor the

contractual liability exclusion bars coverage for claims filed in the Sonday Action against Penske, Kingman, or American Feed. Therefore, Plaintiff CCIC has the duty, pursuant to the Truckers Coverage Form endorsement of its contract of insurance with Defendants Penske, Rollins, Kingman, and American Feed, to defend and indemnify Penske, Rollins, Kingman, and American Feed with respect to any liability which they may incur in <u>Sonday v. American Feed & Farm Supply, et. al</u>, Circuit Court for Wilson County, Tennessee, Case No. 13321, for personal injuries sustained in a motor vehicle collision involving a 1998 Freightliner tractor owned and maintained by Penske, leased to American Feed, subleased to Kingman, and driven by Kingman's driver while hauling the product of American Feed.

A genuine issue of material fact exists as to whether the Truckers Coverage Form of the Policy provides coverage for Kingman in connection with its liability arising out of its alleged agreement to indemnify Rollins (now Penske) pursuant to its sublease of the insured trucks. Therefore, that issue shall proceed to trial.

This case is set for trial on April 3, 2007, by contemporaneous Order. The Order (Docket No. 115) staying this case is VACATED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE